# United States Court of Appeals for the Fifth Circuit

No. 24-30571

United States Court of Appeals
Fifth Circuit

**FILED**

April 7, 2025

Lyle W. Cayce
Clerk

Charles Robert Stout,

*Plaintiff—Appellant*,

*versus*

Smith International, Incorporated; Metropolitan Life Insurance Company,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:22-CV-6036

---

Before Dennis, Haynes, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Charles Stout sued Smith International, Inc. and Metropolitan Life Insurance Company ("MetLife") after MetLife terminated his disability benefits. The district court granted summary judgment for Smith International and MetLife. We AFFIRM.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-30571

I.

For ten years, Appellant Charles Stout worked as an offshore drilling engineer for a subsidiary of Appellee Smith International. His job requirements included being able to lift 40 pounds. Then in 2011, his cardiologist, Dr. Esmond Barker, diagnosed him with valvular heart disease, aortic and mitral stenosis and regurgitation, hypertension, and associated co-morbidity conditions, and advised that he should not lift more than 25 pounds. These diagnoses ultimately qualified Stout for disability benefits under Smith International's long-term disability benefit plan. Smith International offers the plan through Appellee MetLife.

After an initial determination of disability, the plan obligates MetLife to pay Stout monthly benefits so long as he remains disabled. The plan also authorizes MetLife to verify that Stout remains disabled. In 2021, MetLife exercised this authority and obtained updated medical records from Dr. Barker. Dr. Barker's records from a February 2021 echocardiogram and an April 2021 examination documented that Stout had experienced "mild improvement" as to his mitral regurgitation and aortic aneurysm size compared to 2019, his obesity had improved, and his known valvular heart disease was stable. Dr. Barker "encouraged" Stout to "continue and increase his exercise program," but maintained restrictions on Stout's ability to lift more than 25 pounds.

MetLife retained Dr. Stanley Chou—an internal medicine doctor who specializes in cardiovascular disease—to review Dr. Barker's records. After reviewing the records, Dr. Chou concluded that Stout's "abilities are sustainable of a full-time basis" and stated:

> I respectfully disagree that the claimant is totally restricted from work despite symptoms of mild chest discomfort and fatigue. The claimant has moderate aortic and mitral regurgitation but no evidence of pulmonary congestion. The

> claimant has pulmonary hypertension and OSA, but he is not hypoxic. He does not require oxygen supplementation. He has no recurrent syncopal episodes. The claimant does not have any focal neurological impairment. As such, the claimant is not conclusively impaired. Therefore, no restrictions and limitations are indicated.

After reviewing Dr. Chou's report, Dr. Barker evidently changed his opinion regarding the restrictions on Stout's abilities. He expressed that he "absolutely agree[d] with" Dr. Chou's report, including the conclusion that Stout can return to work full-time.

MetLife subsequently terminated Stout's benefits because his "clinical information suggest[ed] that [he] no longer suffer[ed] from a medical condition or combination of conditions of such severity that would warrant the placement of restrictions and/or limitations on [his] activities." Stout appealed that decision. Before ruling on the appeal, MetLife submitted Stout's records to Dr. Andre Akhondi—a board certified internal medicine and cardiovascular disease doctor—for an additional independent review. Consistent with Dr. Chou's and Dr. Barker's opinions, Dr. Akhondi concluded that Stout's "underlying cardiac impairment is not of sufficient severity to impair his function, therefore, no restrictions and limitations are indicated" and advised that Stout's "abilities are sustainable on a full-time basis."

MetLife upheld its termination of benefits on appeal. Stout then sued Smith International and MetLife under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), to recover benefits due to him under the terms of the plan. The district court granted summary judgment for Smith International and MetLife, and Stout timely appealed.

No. 24-30571

## II.

In ERISA cases, we review the district court's grant of summary judgment *de novo*, applying the same standard as the district court. *Corry v. Liberty Life Assurance Co. of Bos.*, 499 F.3d 389, 397 (5th Cir. 2007). The standard at the district court depends on whether the decisionmaker who denied or terminated the plaintiff's benefits is a fiduciary under the relevant plan. If the decisionmaker is a fiduciary, we review its eligibility determination under the highly deferential abuse of discretion standard. *Ellis v. Liberty Life Assurance Co. of Bos.*, 394 F.3d 262, 269 (5th Cir. 2004). If the decisionmaker is not a fiduciary, *de novo* review applies. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).

The standard of review is not dispositive in this case, however, so we need not decide whether MetLife is a fiduciary. MetLife and Smith International prevail even if *de novo* review applies because no reasonable fact finder could conclude that Stout is entitled to continued benefits. Under the plan, Stout's benefits end on the date he is no longer disabled. Stout is "disabled," as defined by the plan, if "due to Sickness or as a direct result of accidental injury" he is "unable to earn . . . more than 60% of [his] Predisability Earnings from any employer in [his] Local Economy at any gainful occupation for which [he is] reasonably qualified taking into account [his] training, education and experience."

There is no evidence in the administrative record that Stout is still disabled. All three doctors who examined Stout or reviewed his medical records concluded that there are no restrictions or limitations on his activity.[1]

---

[1] Stout contends that Dr. Akhondi's report is not included in the administrative record because MetLife sought Dr. Akhondi's opinion when reviewing Stout's appeal of the termination of benefits. And because judicial review is generally limited to evidence in the administrative record, *see Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262–

4

No. 24-30571

With no evidence of restrictions or limitations on his activity, no reasonable fact finder could conclude that, due to sickness or accidental injury, Stout is unable to earn 60% of his predisability earnings. Stout therefore is not entitled to disability benefits under the plan.

The judgment of the district court is AFFIRMED.

---

63 (5th Cir. 2011), Stout concludes that we cannot consider Dr. Akhondi's report. Stout is mistaken. The administrative record includes evidence from the administrative appeal. *See Dwyer v. United Healthcare Ins. Co.*, 115 F.4th 640, 652 (5th Cir. 2024).